UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES W. HOLLOMAN, Jr.**                                            **PLAINTIFF**

**v.**                      **CIVIL ACTION NO. 3:12-CV-P726-H**

**JEFFERSON COUNTY et al.**                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, James W. Holloman, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted prisoner housed at the Eastern Kentucky Correctional Complex, sues Jefferson County, Kentucky, and, in their individual and official capacities, state-court judge Jeffrey P. Morris and Mike Buckens, "DPA attorney."[1] The complaint cites to the Fifth, Eighth, and Fourteenth Amendments. Plaintiff's claims involve his state-court criminal conviction. He alleges that the judge should not have let him plead to an agreement about which he knew nothing. He further alleges he was subjected to double jeopardy and that he should have been allowed to have his own doctor evaluate him. He alleges that his sentence was illegal and that the state court knew of its illegality. He attaches as an exhibit a Kentucky Department of Corrections Resident Record Card, which details that Plaintiff has been incarcerated since 1999 for convictions of first-degree rape, sodomy, and sexual abuse.

---

[1] The Court assumes Plaintiff is referring to the Department of Public Advocacy, the state agency which provides public defender services.

As relief, Plaintiff requests $20,000,000 in monetary and punitive damages. He also requests injunctive relief in the form of "release."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into

2

question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Moreover, his claims against Judge Morris are barred by the doctrine of judicial immunity. A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. Because Plaintiff complains only about conduct that comprises the very core of Judge Morris's official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against this Defendant. *See id.* at 9.

Plaintiff also sues Judge Morris in his official capacity. The official-capacity claims brought against a state-court judge are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from Judge Morris in his official capacity fail to allege cognizable claims under § 1983.

3

Similarly, Plaintiff's claims against attorney Buckens fail to state a claim. It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff also fails to state a claim under § 1983 against defense counsel regarding any performance of a traditional lawyer function.

Finally, to the extent Plaintiff seeks release from confinement, such relief is not available in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

### III. CONCLUSION

For the foregoing reasons, the complaint will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
  Defendants
  Jefferson County Attorney
4412.009

4